

# Service of Process Transmittal

06/04/2019
CT Log Number 535606111

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Ohio** |
| **FOR:** | Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)<br>Walmart Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patsy Adams And Doug Adams, Pltfs. vs. Wal-Mart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons Complaint, First Request, Interrogatories |
| **COURT/AGENCY:** | Warren County Court of Common Pleas, OH<br>Case # 19CV092301 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 7/1/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/04/2019 postmarked on 05/31/2019 |
| **JURISDICTION SERVED:** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Tyrone P. Borger<br>62 Remick Blvd.<br>Springboro, OH 45066<br>(937)748-1004 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/04/2019, Expected Purge Date: 06/09/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 |
| **TELEPHONE:** | 617-531-5859 |

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JA[...]
CLERK OF COURTS, WARREN COUNTY
P.O. BOX 238, LEBANON, OHIO   45036

7018 0680 0000 8859 0996


U.S. POSTAGE >> PITNEY BOWES
ZIP 45036 $ 007.75⁰
02 4W
0000365678 MAY. 31. 2019

**RETURN RECEIPT REQUESTED**

```
19CV092301                              5/30/19
WAL-MART STORES INC
DOING BUSINESS AS WALMART INC
C/O STATUTORY AGENT   CT CORPORATION
SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS, OH 43219
```

# SUMMONS
## WARREN COUNTY COURT OF COMMON PLEAS
### 500 JUSTICE DRIVE - P.O. BOX 238
### LEBANON, OHIO 45036

**CASE # 19CV092301**

PATSY ADAMS, ET. AL.

VS

WAL-MART STORES INC, ET. AL.

TO THE FOLLOWING NAMED PARTY:

   WAL-MART STORES INC
      DOING BUSINESS AS WALMART INC
   C/O STATUTORY AGENT CT CORPORATION SYSTEM
   4400 EASTON COMMONS WAY, SUITE 125
   COLUMBUS, OH 43219

You have been named in a complaint filed in this court by the following party:

   PATSY ADAMS, ET. AL.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within twenty-eight (28) days after service of this summons upon you, excluding the date of service. Your answer must also be filed with our court within three days after the service of a copy of the answer on the plaintiff's attorney.

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint.

The address of his/her attorney is:

   TYRONE P. BORGER, ATTORNEY AT LAW
   62 REMICK BLVD
   SPRINGBORO, OH 45066

                              James L. Spaeth, Clerk of Courts
                              500 Justice Drive - P.O. Box 238
                              Lebanon, Ohio 45036

                         By: _____
                              ELIZABETH LEISZ, DEPUTY CLERK
                              May 30, 2019


IF THE ABOVE NAMED DEFENDANT IS A CORPORATION PLEASE REFER TO OHIO REVISED CODE 4705.01.

COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED
2019 MAY 30 PM 1:51
JAMES L. SPAETH
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
WARREN COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| PATSY ADAMS<br>910 Timothy Lane<br>Carlisle, Ohio 45005 | : | CASE NO.<br>19CV92301 |
| | : | JUDGE |
| AND | : | |
| | | **JUDGE PEELER** |
| DOUG ADAMS<br>910 Timothy Lane<br>Carlisle, Ohio 45005 | : | |
| | : | COMPLAINT FOR PERSONAL<br>INJURY WITH DISCOVERY |
| PLAINTIFF(S), | : | ATTACHED |
| VS. | : | |
| WAL-MART STORES, INC.<br>DBA WALMART, INC.<br>C/O STATUTORY AGENT<br>CT Corporation SYSTEM<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS, OHIO 43219 | : | |
| AND | : | |
| JOHN DOE(S) I-X<br>(ADDRESSES UNKNOWN) | : | |
| DEFENDANTS. | : | |

## FIRST CAUSE OF ACTION

1. Plaintiffs, Patsy Adams and Doug Adams, resides at 910 Timothy Lane, Carlisle, Ohio 45005 (hereinafter "Plaintiffs") and has so during the pendency of this case.

2. Defendant, Wal-Mart Stores, Inc dba Walmart, Inc, is a corporation doing business in Warren County, Ohio at 1275 E. 2nd Street, Franklin, Ohio 45005. The Defendant, Walmart, Inc, has operated a store at this location during all relevant times herein.

3. Defendant John Doe(s) I-X is or are other persons, businesses or other entities who may be responsible for the ownership, operation or maintenance of the Walmart, Inc.

business or property and whose names and addresses are not currently known and not ascertainable with reasonable diligence and whose action and omissions are imputed to Walmart, Inc. under the doctrine of *respondeat superior* and otherwise.

4. On or about July 1, 2017, plaintiff, Patsy Adams, was a business invitee on the aforesaid premises of Walmart, Inc. and at all times acted with due care for her own safety and concern.

5. Defendants owed a duty to its patrons, including plaintiff, Patsy Adams, to maintain its premises in a reasonably safe condition and to warn of any latent or hidden danger.

6. On or about July 1, 2017, Defendants were aware of and had notice of a hazard on their property which a reasonably prudent business proprietor would have either eliminated, warned its patrons of, or both.

7. Defendants negligently and carelessly breached their duties and as a direct and proximate result plaintiff, Patsy Adams, to unknowingly walk through a hazardous area causing the Plaintiff's injuries.

8. Defendant, Walmart, Inc, was negligent in failing to maintain the premises and failed to warn plaintiff, thereby causing plaintiff, Patsy Adams', fall which occurred on July 1, 2018.

9. On or about July 1, 2017, Plaintiff, Patsy Adams, was injured on the subject premises as a direct and proximate result of said hazardous conditions.

10. As the direct and proximate result of said defendants' negligence, plaintiff, Patsy Adams, suffered bodily injuries and reasonably believes these injuries to be permanent.

11. As a direct and proximate result of Defendant's negligence, Plaintiff, Patsy Adams, experienced severe pain and suffering and reasonably expects to experience additional pain and suffering in the future.

12. As a direct and proximate result of Defendant's negligence, Plaintiff, Patsy Adams, incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably excepts to incur additional medical expenses in the future.

13. As a direct and proximate result of Defendant's negligence, Plaintiff, Patsy Adams, has incurred a loss of enjoyment of life and reasonably believes she will incur additional loss of enjoyment of life in the future.

## SECOND CAUSE OF ACTION

14. Plaintiffs restate all of their foregoing allegations as if fully rewritten at length herein.

15. At all times relevant herein, Plaintiff, Doug Adams, was the spouse of Plaintiff Patsy Adams.

16. Plaintiff, Patsy Adams, was deprived of the services, companionship, affection and consortium of Plaintiff, Patsy Adams, as a result of the incident described in the First Cause of Action.

## THIRD CAUSE OF ACTION

26. Plaintiffs re-allege and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth.

27. At all times relevant and material herein, Defendant John Doe(s) are other parties whose negligence may have causes or contributed to cause the slip and fall and

subsequent injuries to Plaintiff and whose identity is unknown and not currently ascertainable with reasonable diligence.

28. John Doe(s) upon information and belief was negligence on or about July 1, 2017.

29. As a direct and proximate result of John Doe(s) negligence, Plaintiff, Patsy Adams, suffered temporary and permanent injuries; endured pain and suffering of both mind and body and will continue to endure pain and suffering in the future; incurred medical expenses, and will continue to incur medical expenses in the future; and loss of enjoyment of her life and will continue to do so in the future.

30. As a direct and proximate result of John Doe(s) negligence, Plaintiff, Doug Adams, was deprived of the services, companionship, affection and consortium of Plaintiff, Patsy Adams, as a result of the incident described in the First Cause of Action.

WHEREFORE, Plaintiffs, Patsy Adams and Doug Adams, demand judgment against defendants, jointly and severally, for an amount in excess of $25,000 for compensatory damages which will fully, fairly and adequately compensate them for their injuries, damages and losses herein, for an additional amount in excess of $25,000 as to each defendant for punitive damages, and that they recover the reasonable costs expended herein, including attorneys' fees and prejudgment interest and for such other and further relief as to which she may be entitled or which may necessary and proper.

Respectfully submitted,

*[signature]*

Tyrone P. Borger (0083274)
Brandenburg & Associates
Attorney for Plaintiffs
62 Remick Blvd.
Springboro, Ohio 45066
PH: (937) 748-1004
FX: (937) 748-2390
tborger-law@cinci.rr.com

### INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please issue Summons and have the Defendants served with said Summons and a copy of the Complaint at the addresses listed on the face of this Complaint, making the same returnable according to law.

*[signature]*

Tyrone P. Borger (0083274)
Brandenburg & Associates
Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS
WARREN COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| PATSY A. ADAMS | : | CASE NO. |
| 910 Timothy Lane | | |
| Carlisle, Ohio 45005 | : | JUDGE |
| AND | : | |
| DOUG ADAMS | : | |
| 910 Timothy Lane | | |
| Carlisle, Ohio 45005 | : | PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES DIRECTED |
| PLAINTIFF(S), | : | TO DEFENDANTS |
| VS. | : | |
| WAL-MART STORES, INC. DBA WALMART, INC. | : | |
| C/O STATUTORY AGENT CT COPORATION SYSTEM | : | |
| 4400 EASTON COMMONS WAY SUITE 125 | : | |
| COLUMBUS, OHIO 43219 | : | |
| AND | : | |
| JOHN DOE(S) I-X (ADDRESSES UNKNOWN) | : | |
| DEFENDANTS. | : | |

Now comes Plaintiffs, Patsy Adams and Doug Adams, by and through counsel, and hereby requests that, pursuant to Rule 33 of the Ohio Rules of Civil Procedure, Defendant, Wal-Mart Stores, Inc. DBA Walmart, Inc., answer under oath and in writing the following interrogatories within twenty-eight (28) days after the service hereof.

## DEFINITIONS AND INSTRUCTIONS

Prior to answering the following interrogatories, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all of the information available in this action.

These interrogatories are continuing in nature. If subsequent to filing your answers, you discover additional matter which was not included in your original answers, you are under a continuing duty promptly to supplement your original answers.

The pronoun "you" refers to Wal-Mart Stores, Inc. DBA Walmart, Inc.

As used herein, the term "person" includes natural persons and entities of any type.

As used herein, the term "Plaintiff" refers to Plaintiffs Patsy Adams and Doug Adams.

As used herein, the term "document" means any medium to which information or data can be stored and from which information or data can be retrieved.

As used herein, the term "identify" shall have the following meaning:

1. When used with reference to a person, "identify" shall mean setting forth sufficient information with which to identify, to locate, and to contact that person.

2. When used with reference to a document or other communication, "identify" shall mean setting forth sufficient information with which to identify the type of document or communication, the parties thereto (including information sufficient to locate and to contact these parties), and the substance thereof, as well as where such document or a record of such communication can be found.

You are reminded that all answers must be made separately and fully, and that an incomplete or evasive answer is a failure to answer. If you are unable to respond to any information request in the space provided, please respond on the blank pages attached hereto.

If any claim of privileged information is made as to any conversations regarding the condition(s) causing Plaintiff's injury, or any other aspect of this matter, please set forth:

      a. The exact privilege being asserted

      b. The date(s) and individual(s) involved in these conversations

      c. The position, capacity or job title of each person to each conversation.

## INTERROGATORIES

1. Please set forth the full name, current address, present phone number and occupation of all persons answering or providing information for answering these Interrogatories.

**ANSWER:**

2. Please state the full name, current address and social security number of the title owners of the property at 1285 E. 2nd Street, Franklin, Ohio 45005.

**ANSWER:**

3. On or prior to July 1, 2017, was there a portion of your property that was a hazard or danger to persons walking upon it? If your answer is in the affirmative, please:

      a. Describe it in detail;

      b. Explain how long, prior to July 1, 2017, that you were aware of it;

    c.    Was anyone else aware of it and, if so, who;

    d.    How was it created;

    e.    When was it created;

    f.    Had you ever told Patsy Adams and/or Doug Adams about it before July 1, 2017, and if so, when?;

    g.    Did you ever tell Patsy Adams and/or Doug Adams about it after July 1, 2017, and, if so, when?;

    h.    Do any photographs or video tapes exist of this area and, if so, please identify their custodian.

4.    Prior to July 1, 2017, had you ever encountered this hazardous or dangerous condition

on your property? If so, did you ever tell anyone about this in a written or verbal statement?

**ANSWER:**

5. Have you provided a statement, written or verbal, to anyone indicating that the portion of your property where Patsy Adams was injured was or was not hazardous or dangerous? If so, please identify all such person, the date of the statement and produce a copy to Plaintiffs' counsel.

**ANSWER:**

6. Please identify the date of any and all inspections of the Walmart's property store in Franklin, Warren County, Ohio, private or government, further setting forth the name of the organization or entity conducting each inspection.

**ANSWER:**

7. Please state whether or not, for the 10 year period prior to July 1, 2017, you received

any complaints of injury to persons or accidents occurring at the Walmart store in Franklin, Warren County, Ohio.

ANSWER:

8. Please identify whether or not you have been involved in any other lawsuits and, if so, further set forth the caption, the Court in which the case was filed and the case number.

ANSWER:

9. Was Patsy Adams a business invitee on your property on July 1, 2017, when she was injured?

ANSWER:

10. On or before July 1, 2017 did you have any policies or procedures with respect to ensuring that the floors of your store were clean and free of spills? If so, please describe each such procedure or policy.

ANSWER:

11. If your answer to the foregoing Interrogatory is in the affirmative, please state whether any of these procedures were in writing. If so, please identify the current custodian of each.

ANSWER:

12. On or before July 1, 2017, did you post or maintain any signs, warnings or placards to your employees regarding the importance of keeping the floor of your grocery store clean and free of spills or any other hazards? If so, please identify the current custodian of each.

ANSWER:

13. Please identify by way of full name, current address, and present phone number all persons and employees physically on your property on July 1, 2017.

ANSWER:

14. Please identify by way of full name, current address, and present phone number all persons and employees who spoke with either plaintiff at any time on or after July 1, 2017.

ANSWER:

15. Did you or anyone acting on your behalf conduct any investigation(s) into the circumstances regarding Patsy Adam's fall and/or injuries? If so, please state:

    a. The full name, current address, phone number and occupation of all persons involved in any such investigation(s);

    b. Whether witness statements were taken and, if so, from whom;

    c. Whether the investigation or its' conclusions were ever reduced to writing and, if so, the present custodian of each such investigation(s).

16. For each affirmative defense asserted in this action, please set forth:

    a. The factual basis for each defense, including the identity of all witnesses who will support such defense and the substance of each witness's testimony.

    b.    All documents or all tangible items which support this defense or which you will offer as evidence or utilize to support this defense.

    c.    The legal basis for each defense.

17. If you have insurance coverage that would protect you from the claims asserted in Plaintiffs' Complaint, please set forth the following:

    a.    the name of the insurance company or companies showing each policy

    b.    the limits of each applicable coverage of each policy

    c.    the policy number of each applicable policy and the policy period

    d.    whether there have been a reservation of rights or denial or exclusion of coverage under any applicable policy

18. Identify all applicable laws, regulations and/or codes that would apply to the property at 1275 E. 2nd Street, Franklin, Ohio 45005 on July 1, 2017.

**ANSWER:**

19. With respect to each witness you intend to call at the trial or arbitration of this matter, please state:

   a. The name, identity, occupation of each lay witness and the substance of their testimony

   b. For each expert witness, their name, identity, curriculum vitae, and the facts known and opinions held, including whether a written report exists for each

   c. Whether or not you, or anyone on your behalf, has a written or otherwise recorded statement from the witness and, if so, the date or dates on which it was conducted

20. Please identify and describe, including the present custodian of each, all documents, items or other tangible things which you or your counsel intends to offer into evidence, refer to or utilize at trial or arbitration of this matter.

**ANSWER:**

Respectfully submitted,

*/s/ Tyrone P. Borger*
Tyrone P. Borger (0083274)
Brandenburg & Associates
Attorney for Plaintiffs
62 Remick Blvd.
Springboro, Ohio 45066
PH: (937) 748-1004
FX: (937) 748-2390
tborger-law@cinci.rr.com