# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**PATSY ADAMS, et. al,**

    **Plaintiffs**

    v.                                    Case No. 1:19–cv–00551
                                          JUDGE DOUGLAS R. COLE

**WAL-MART STORES, INC.,**

    **Defendant.**

## OPINION AND ORDER

This cause is before the Court pursuant to Plaintiffs' Motion to Delay Decision on Summary Judgment (Doc. 30) and Motion for Extension of Time to Complete Discovery (Doc. 32). Plaintiffs allege that they have identified a material witness, Shaun Stull,[1] whose testimony would assist their case. They have also requested an extension of the discovery deadline, which the Court had previously set for August 24, 2020. Both of Plaintiffs' Motions came well after that deadline and Wal-Mart opposes the Motions as both prejudicial and untimely. For the reasons discussed more fully below, the Court concludes that deposing Mr. Stull would not unduly prejudice Defendant's case. Thus the Court **GRANTS** Plaintiffs' Motions (Docs. 30 & 32). The Court **ORDERS** Plaintiffs to depose Mr. Stull on or before March 8, 2021. The parties shall then have the opportunity to file additional briefing as described below.

---

[1] The Court notes that Defendant refers to this witness as Shawn Staull, and not Shaun Stull, as stated by Plaintiffs. (*See* Doc. 33, Def.'s Reply in Opp'n, #173). Given that both parties describe this witness in a similar manner, i.e., a former Wal-Mart employee who observed the slip-and-fall at issue, the Court has little doubt that the parties contemplate the same individual whose potential deposition has stalled the case.

## BACKGROUND

Plaintiffs Patsy and Doug Adams allege that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") "negligently and carelessly" maintained its store located in Franklin, Ohio, thereby creating a "hazardous area" in the store on July 1, 2017. (Compl., Doc. 1, #37). Plaintiffs claim that Patsy Adams slipped and fell after walking through that hazardous area, leading to significant and permanent injuries. (*Id.* at #37–38). As a result, Plaintiffs filed suit on July 5, 2019, seeking compensatory and punitive damages, along with attorneys' fees.

After receiving the parties' Rue 26(f) Report, Magistrate Judge Karen Litkovitz issued a Calendar Order on October 1, 2019, which set a discovery deadline for August 24, 2020 and a dispositive motion deadline for September 14, 2020. On September 14, 2020, Wal-Mart filed a Motion for Extension of Time to extend the dispositive motion deadline until September 24, 2020. The Court granted that Motion, and Wal-Mart filed its Motion for Summary Judgment on September 24, 2020.

## PENDING MOTIONS

Approximately one month later, on November 25, 2020, Plaintiffs moved the Court to delay summary judgment because it located a material witness. That witness, Shaun Stull, is a Wal-Mart employee who allegedly witnessed coffee being spilled in a Wal-Mart store, observed Patsy Adams' fall in that store, and tended to Patsy Adams immediately after the fall. (Mot. to Delay, Doc. 30, #166). Plaintiffs wish to depose Mr. Stull because his testimony would "play a significant role in these

2

proceedings," meaning that a ruling on summary judgment without that evidence "would be unjust." (*Id.*).

Soon after, Plaintiffs moved to delay the discovery deadline until at least January 31, 2021 because "Plaintiff's counsel ha[d] just located a material eyewitness to the events that are the subject of the Complaint." (Mot. to Extend, Doc. 32, #170). In that Motion, filed on December 3, 2020, Plaintiffs claim that they had difficulty locating Mr. Stull. Although Wal-Mart had disclosed information about Mr. Stull, he no longer worked for Wal-Mart when Wal-Mart disbursed that information and Plaintiffs could not secure an address at which to contact him. (*Id.* at #171). After that information exchange, Plaintiffs "diligently searched for Mr. Stull via social media and other traditional methods for months to no avail." (*Id.*). Despite that initial difficulty, Plaintiffs eventually located Mr. Stull after reaching out to connections via social media. (*Id.*). As such, Plaintiffs seek an extended discovery deadline for deposing Mr. Stull in addition to a delay on a summary judgment ruling.

Wal-Mart opposes both of Plaintiffs' motions, arguing that Plaintiffs were aware of the witness for months and waited until the end of discovery and the dispositive motions deadline to seek him out. (Doc. 33, Def.'s Reply in Opp'n, #174). Even though Wal-Mart does not cast doubt on Plaintiffs' difficulties in locating Mr. Stull, it claims that the information it disclosed to Plaintiffs on November 1, 2019 and May 29, 2020 provided "an opportunity to contact [Mr. Stull] or determine his whereabouts." (*Id.*). Accordingly, Wal-Mart alleges that reopening discovery after the

3

deadline has passed, and after Wal-Mart filed its summary judgment briefing, would be prejudicial. (*Id.* at #175).

## ANALYSIS

To start, Plaintiffs have not specified which Federal Rule of Civil Procedure supports their request. The Court notes that requests for extending discovery typically implicate Federal Rule of Civil Procedural 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." But when a party files a motion after the discovery deadline has passed, that motion is governed by Federal Rule of Civil Procedure 6(b). *Gardner v. Dye*, No. 3:15C00669, 2016 WL 9244200, at *4 (M.D. Tenn. July 1, 2016) ("While Rule 16 (and its associated local rule) and Rule 6(b) overlap to some degree, we find that Rule 6(b)(1)(B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed.").

Federal Rule of Civil Procedure 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In other words, "any post deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline was 'the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). Showing excusable neglect requires passing a high bar, which is "strict, and can be met only in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Courts use the following factors to determine if the moving party has shown excusable

4

neglect: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the late filing party acted in good faith." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). Among those factors, "the reason for a party's delay 'is the most important [factor] to the excusable neglect inquiry.'" *Id.* (quoting *Gohl v. Livonia Pub. Sch.*, No. 12-cv-15199, 2016 WL 2848421, at *2 (E.D. Mich. May 2016)).

Here, neither party has cited the excusable neglect standard nor offered analysis showing why Plaintiffs' motion does or does not satisfy the relevant factors test. That being said, Plaintiffs' argument provides a rationale that implicitly touches upon the excusable neglect standard. And the Court construes the motion broadly in the interest of justice.

In terms of excusable neglect, the Court begins by noting that Plaintiffs failed to alert the Court about its problem locating Mr. Stull until three months after the discovery deadline had passed, despite knowing Mr. Stull's name and relevance to this case. (*See* Mot. for Extension, Doc. 32, #171). In essence, Plaintiffs allowed the discovery deadline and the dispositive motion deadline to pass while they continued to hunt for a witness they now describe as vital to their case. That being said, the Court acknowledges that Mr. Stull, who appears to be an eyewitness to the key events

5

here, might assist Plaintiffs in developing their case. And difficulties tracking down a key witness seem like a tenable reason for a delay in discovery.

Now for the factors test. The first factor is whether the nonmoving party would be prejudiced by extending an already-passed deadline. Having already filed its Motion for Summary Judgment, Wal-Mart would likely suffer at least some prejudice from reopening discovery, as Wal-Mart would potentially need to amend or refile its summary judgment materials. *See First Tech. Capital, Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2017 WL 2735516, at *4 (E.D. Ky. June 26, 2017) (finding that nonmoving party argued prejudice by claiming that extending discovery during a "late stage of the case" would be prejudicial). Yet the Court notes that the parties' summary judgment briefing is neither lengthy nor involved, totaling roughly thirty-two pages in its entirety. In short, relatively little ink has been spilled here as compared to summary judgment briefing in more complex cases. So although permitting additional factfinding after the deadlines for discovery and summary judgment have passed may well impose substantial prejudice in some cases, the Court concludes that the less-than-voluminous briefing here suggests that permitting Plaintiffs to depose Mr. Stull, while potentially prejudicial, would not be excessively so.

The second factor, length of delay, favors Plaintiffs. To start, Plaintiffs sought relief from the deadline within a few months of the time that it passed, and immediately upon locating Mr. Stull—which is what triggered the request. More

6

importantly, as for future delay, permitting Plaintiffs to depose a single witness would not impose a significant temporal burden in resolving this case.

The third (and most important) factor, the reason for the delay, proves slightly more complex. Difficulty in locating a material witness seems to be a legitimate reason for delay. Plaintiffs claim they had problems tracking down Mr. Stull and that, coming from an eyewitness, his testimony is central to their case. Wal-Mart argues this delay was entirely within Plaintiffs' control—Plaintiffs knew about the existence of Mr. Stull and failed to locate him during the allocated discovery window. Even so, Wal-Mart does not dispute that Plaintiffs diligently searched for Mr. Stull or argue that Plaintiffs could have used more efficient means to contact him. (*See* Doc. 33, Def.'s Reply in Opp'n, #174 (arguing first that Plaintiffs had an "opportunity" to contact the witness or determine his whereabouts before the close of discovery, and then faulting Plaintiffs for "hav[ing] had [Mr. Stull's contact] information for months" and failing to depose him)). As noted above, one could argue that Plaintiffs' counsel could have raised the issue with the Court sooner, but in the end, the Court finds that Plaintiffs have provided an appropriate reason for delay. Having difficulty in tracking down a key witness, but ultimately contacting that witness before the case is resolved, strikes the Court as a legitimate reason to re-open the discovery window.

Finally, the Court sees no evidence that Plaintiffs acted in bad faith, which is the fourth and final factor.

In the end, the Court finds that, taken together, the factors weigh in Plaintiffs' favor, if only barely. The Court concludes that Plaintiffs' reason for delay, along with

7

the other factors, shows excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). Reopening discovery for the limited purpose of taking a single deposition, even after the discovery and dispositive motions deadlines have passed, would neither substantially prejudice Wal-Mart nor violate the Federal Rules of Civil Procedure. Moreover, deposing an elusive, but important, witness after committing time and resources to track him down shows that Plaintiffs have good cause to request additional, post-deadline discovery. Thus, the Court **GRANTS** Plaintiffs' motion.

That being said, in an effort to ameliorate any prejudice to Wal-Mart, the Court imposes the following additional conditions. First, any deposition shall be limited to no more than three hours by Plaintiffs and three hours by Wal-Mart. Moreover, Plaintiffs shall bear the cost of the deposition, including the cost, if any, of providing a transcript of that deposition to Wal-Mart. Second, in an effort to reduce the briefing costs, the Wal-Mart shall have the option of merely supplementing its original summary judgment briefing, rather than filing new briefing. Should Wal-Mart elect that option, its opening supplemental brief shall be limited to ten pages; Plaintiffs' opposition shall likewise be limited to ten pages; and Wal-Mart shall have leave to file a five-page reply, all pursuant to the schedule set out below. Alternatively, in the event that Wal-Mart believes it would be more expeditious and less costly to instead file a new summary judgment motion, Wal-Mart shall have the option to withdraw its previously filed brief.

## CONCLUSION

Thus the Court **GRANTS** Plaintiffs' Motion to Delay Decision on Summary Judgment (Doc. 30) and Motion for Extension of Time to Complete Discovery (Doc. 32). The Court **ORDERS** Plaintiffs to depose Mr. Stull on or before March 8, 2021. Plaintiffs shall be allowed no other discovery during that time. Within twenty-eight days of receiving the deposition transcript, Wal-Mart shall either (1) withdraw its previously filed summary judgment motion and file a new motion (if there is a basis); or (2) file a supplemental brief, not to exceed ten pages. If Wal-Mart pursues the former course, briefing on the new motion shall proceed according to the local rules. If Wal-Mart elects instead to supplement its existing motion, Plaintiffs shall have leave to file a response brief, not to exceed ten pages, within fourteen days after Wal-Mart files its supplemental brief, and Wal-Mart may submit a reply, not to exceed five pages, within fourteen days of the date on which Plaintiffs filed their response. The Court will rule on summary judgment after this briefing period has concluded.

**SO ORDERED.**

_February 8, 2021_
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**