UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PATSY ADAMS, et al.,**

    **Plaintiffs,**

    v.

**WAL-MART STORES, INC., et al.,**

    **Defendants.**

Case No. 1:19-cv-551
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment (Doc. 25). For the reasons that follow, the Court **DENIES** the Motion.

## BACKGROUND

This is a slip-and-fall case. On July 1, 2017, Plaintiff Patsy Adams went to Wal-Mart in Franklin, Ohio, to purchase cucumbers for a cookout she was planning. (Adams Dep., Doc. 24, #105). Adams entered the store and walked to the produce section where the cucumbers were located. (*Id.*). Adams then selected some cucumbers and began to walk toward the checkout area. (*Id.*). After taking "maybe ten" steps, Adams slipped and fell to the ground. (*Id.*). As she fell, her right leg went "straight out," while her left leg went "behind [her]." (*Id.*). Adams broke her fall with her right arm. (*Id.*).

A store employee, later identified as Shawn Stull, had seen a customer spill coffee on the floor in the location where Adams subsequently fell. (Stull Dep., Doc. 38-

1, #214). After seeing the spill, Stull had gone to a nearby storage room to retrieve paper towels to clean up the spill. (*Id.*). The customer who spilled the coffee told Stull that she would remain near the spill to "guard" the area until Stull returned. (*Id.* at #215). But by the time Stull arrived with the paper towels, the customer was gone, and Adams had already fallen. (*See id.*). Stull estimates that it took him twenty or thirty seconds for the roundtrip to return with the paper towels to the spot where Adams fell. (*Id.* at #217).

The spilled coffee on which Adams slipped was light brown in color and apparently had creamer mixed into it. (Adams Dep., Doc. 24, #106; *see also* Photos of Floor, Adams Dep. Exs. 1–3, #119–21). The Wal-Mart floor was also brown. (*See* Photos, Adams Dep. Exs. 1–3, #119–21).

On May 30, 2019, Adams and her husband Doug Adams filed suit in the Warren County Court of Common Pleas, asserting claims for negligence against Wal-Mart and various John Does (although Adams has not subsequently added any of those John Does to this action as named parties). (*See* Compl., Doc. 3, #36–39). Adams served Wal-Mart on June 4, 2019, and Wal-Mart removed the action to this Court on the basis of diversity jurisdiction on July 3, 2019. (Notice of Removal, Doc. 1, #2).

On September 24, 2020, Wal-Mart filed the instant Motion for Summary Judgment (Doc. 25). Wal-Mart argued that the danger that Adams would slip and fall on the spilled coffee was open and obvious. (*See id.* at #126–29). In the alternative, Wal-Mart argued that it neither caused nor had actual or constructive knowledge of

2

the spill. (*See id.* at #129–32). Adams responded in opposition (Doc. 26) on October 15, 2020, and Wal-Mart replied in support (Doc. 29) on November 3, 2020.

When Wal-Mart filed the instant Motion (Doc. 25), the parties had not yet identified Stull as the employee who saw someone spill the coffee. However, Adams did apparently track down Stull shortly thereafter. Adams informed the Court that she had located Stull in a November 25, 2020, Motion to Delay Decision on Summary Judgment Due to Discovery of a Material Witness (Doc. 30). On December 3, 2020, Adams moved (Doc. 32) to extend time for discovery, which had already elapsed, so that the parties could depose Stull. The Court entered an Opinion and Order (Doc. 35) granting Adams' Motion (Doc. 32) on February 8, 2021. At that time, the Court also gave Wal-Mart a choice: twenty-eight days after receiving the transcript of Stull's deposition, Wal-Mart could either withdraw its previously filed Motion (Doc. 25) and file a new motion in its place, or Wal-Mart could choose to file a supplemental brief in support of the instant Motion (Doc. 25). (*See* Op., Doc. 35, #202).

Wal-Mart opted for the latter course of action and filed its Supplemental Memorandum (Doc. 39) in support of its Motion (Doc. 25) on April 6, 2021. In its Supplemental Memorandum (Doc. 39), Wal-Mart reiterated only its argument that the danger of slipping on the spilled coffee was open and obvious. (*See id.* at #230–32). The next day, Adams filed her Supplemental Memorandum (Doc. 40) opposing Wal-Mart's Motion (Doc. 25). Wal-Mart did not file a reply brief. The matter is now fully briefed and before the Court.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Lansing Dairy*, 39 F.3d at 1347.

Granting summary judgment depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). In sum, the nonmoving party, at this stage, must present some "sufficient disagreement" that would necessitate submission to a jury. *See Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, though, the Court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

## LAW AND ANALYSIS

Wal-Mart initially argued for summary judgment in its favor on two alternative bases: the puddle of coffee was an open and obvious danger, and Wal-Mart lacked either actual or constructive knowledge of the spill. Now that the parties have deposed Stull, though, Wal-Mart's second argument is no longer consistent with the record. Stull testified that he, a Wal-Mart employee, saw a customer spill coffee on the floor, which would mean that Wal-Mart (as Stull's employer) had actual knowledge of the spill. *See Middleton v. Meijer, Inc.*, No. 23789, 2010 WL 2706303, at *2 (Ohio Ct. App. July 9, 2010) (slip-and-fall negligence plaintiff may prove fault by showing that "at least one of" the store's "officers or employees" had "actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly"). Perhaps unsurprisingly, then, Wal-Mart's Supplemental Memorandum (Doc. 39) in support of its Motion (Doc. 25) pursues only Wal-Mart's open-and-obvious argument.

"Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co.*, 788 N.E.2d 1088, 1091 (Ohio 2003). A danger is open and obvious either when the plaintiff actually knew about the danger or when the danger is "so obvious and apparent" that the plaintiff "may reasonably be expected to discover" the danger. *Paschal v. Rite Aid Pharm., Inc.*, 480 N.E.2d 474, 475 (Ohio 1985). Determining whether a hazard is open and obvious is "a fact-intensive inquiry" that asks "whether a customer exercising ordinary care under the circumstances would have seen and been able to guard him or herself against the condition." *Kidder v. Kroger Co.*, No. 20405, 2004 WL 1802050,

5

at *3 (Ohio Ct. App. Aug. 13, 2004) (citation and internal quotation marks and modifications omitted). "[W]here reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Szerszen v. Summit Chase Condos.*, No. 009AP-1183, 2010 WL 3722637, at *3 (Ohio Ct. App. Sept. 23, 2010) (citations omitted).

Here, the Court cannot say, as a matter of law, that the small puddle of light brown coffee on a brown floor was an open and obvious danger. Viewed from a reasonable standing distance, there is a genuine dispute as to whether a customer exercising ordinary care would have seen the spill. (*See* Photo, Adams Dep. Ex. 2, Doc. 24, #120). Given that both the liquid and the floor were brown, this case is similar to other cases where a clear liquid on the floor did not constitute an open and obvious danger, absent some further condition putting the plaintiff on notice to exercise caution. *Compare Kidder*, 2004 WL 1802050, at *3 (mop water on floor not open and obvious), *and Nienhaus v. Kroger Co.*, No. 00AP-1083, 2001 WL 664444, at *2 (Ohio Ct. App. June 14, 2001) (same), *and Klein v. Kroger Co.*, No. L-96-135, 1997 WL 28424, at *1 (Ohio Ct. App. Jan. 24, 1997) (puddle of water with dimensions of three feet by three feet in store not open and obvious), *with Jones v. Kroger Co.*, No. 19485, 2003 WL 22026065, at *1 (Ohio Ct. App. Aug. 29, 2003) (water tracked in from outside open and obvious danger when it was raining), *and Navarette v. Pertoria, Inc.*, No. WD-02-070, 2003 WL 21864802, at *3 (Aug. 8, 2003) (dark soda against light gray sidewalk open and obvious). Although coffee is not transparent, given the similarity between the color of the coffee and that of the floor, a reasonable factfinder could

6

determine that the puddle of coffee would not have been obvious to a customer exercising ordinary care in a grocery-store setting.

Wal-Mart's reliance on *Smith v. Kroger Co.*, No. CA2010-09-233, 2011 WL 1458667 (Ohio Ct. App. Apr. 18, 2011), is misplaced. There, the plaintiff admitted that, although he had not actually seen the mop water on which he slipped, it would have been visible to him from ten feet away had he looked. *See id.* at *2. Similarly, in *Stiles v. Marc Glassman, Inc.*, No. 27512, 2015 WL 1651236 (Ohio Ct. App. Apr. 15, 2015), another case on which Wal-Mart relies, the plaintiff, who was distracted by carrying a large watermelon, admitted that she "probably" would have seen the puddle of water on which she slipped had she been paying attention. *See id.* at *1.

Here, by contrast, there is no such admission to take the obviousness of the spilled coffee out of the realm of genuine dispute. True, Adams testified that if she *had seen* the puddle of coffee on the ground, she would not have walked into it. (*See* Mot., Doc. 25, #128 (citing Adams. Dep., Doc. 24, #106)). But, as Adams points out, that is a far cry from admitting that Adams *would have seen* the coffee in the exercise of ordinary care. (*See* Resp. in Opp'n to Mot., Doc. 26, #145).

On this record, there is a genuine dispute as to whether the spilled coffee was open and obvious. Accordingly, Wal-Mart is not entitled to summary judgment on its open-and-obvious-danger argument, which is the only argument that it presses in its motion. [1]

---

[1] To be sure, Wal-Mart might have argued that, although it had actual knowledge of the spill, its employee Stull did everything he reasonably could have done "to give adequate notice of its presence or remove it promptly," and thus Wal-Mart was not negligent. *Middleton*, 2010

7

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Wal-Mart's Motion (Doc. 25).

**SO ORDERED.**

March 8, 2022
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**

---

WL 2706303, at *2. But Wal-Mart never made that argument here. Thus, the Court does not address it.